Robert J. Nahoum (RN-4907)
THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.
99 Main Street, Suite 311
Nyack, NY 10960
(845) 450-2906



*Attorneys for Plaintiffs*
*Gail Beveridge and Glenn M. Klugherz*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GAIL BEVERIDGE AND GLENN M.
KLUGHERZ,

    Plaintiff,

  v.

KORSINSKY & KLEIN, LLP,

    Defendant.

'11 CIV 02505

Civil Action No.:

## COMPLAINT
(Jury Trial Demanded)

Plaintiffs, Glenn Klugherz ("Klugherz") and Gail Beveridge ("Beveridge" and together with Klugherz, "Plaintiffs"), bring this action to secure redress against unlawful debt collection practices engaged in by defendant law firm, Korsinsky & Klein, LLP, ("Korsinsky & Klein" or "Defendant"). As and for their complaint, Plaintiffs alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k.

2. Venue in this Court is proper because (a) Defendants transact business in this venue, and (b) Defendants' collection communications to Plaintiff Klugherz were transmitted in this venue.

## NATURE OF THIS ACTION

3. In this action Plaintiffs seek, among other things, statutory and actual money damages against Defendant for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.* [hereinafter "FDCPA"]).

## PARTIES

4. Klugherz is a natural person residing in Westchester County New York.

5. Beveridge is a natural person residing in Riverside County California. Beveridge is Klugherz's mother.

6. Plaintiffs are consumers as that term is defined by Section 1692 (a)(3) of the FDCPA.

7. Upon information and belief, Defendant is a New York Limited Liability Partnership engaged in the practice of law in the State of New York, and which has its principal place of business located 30 Broad Street, New York, NY 10004.

8. Upon information and belief, Defendant is a "debt collector" as that term is defined by Section 1692 (a)(6) of the FDCPA who regularly collects consumer debts on behalf of others.

## FACTS

9. Plaintiffs' uncle Mr. John Egelhofer (the "Decedent") was, in December, 2004, the surviving member of his family.

10. In 2004, after the death of his wife, it became clear to Plaintiffs that, while quite lucid, the Decedent was no longer capable of caring for himself. As his sole surviving relatives, Plaintiffs assisted the Decedent with his end-of-life care.

11. In December, 2004, the Decedent moved to the Fairfield division of the Hebrew Home for the Aged Nursing Facility (the "Hebrew Home") where he was admitted as "Medicaid pending".

12. During the admissions process, Plaintiffs relied almost exclusively on the guidance, advice and instructions provided by the Hebrew Home with regard to the availability of government funding.

13. At no time did Plaintiffs sign any agreements or make any oral representations that they agreed to be financially responsible for the Decedent's care. Further, at no time did Plaintiffs make any promises or accept any obligations or responsibilities with regard to the Decedent's care.

14. The Decedent's health deteriorated and on November 25, 2007 he passed away. Upon his death, the Decedent had no money, no will, no estate to speak of and whatever reaming personal possessions of the Decedent had, were donated to the Hebrew Home.

15. In or about March, 2009, more than a year and half after the Decedent passed away, Beveridge was contacted by the Hebrew Home seeking to recover from her an alleged past due amount.

16. In response, Beveridge advised the Hebrew Home that she was not and had never been financially responsible for the Decedent's care.

3

17. Between March, 2009 and November, 2009, despite having advised the Hebrew Home that counsel had been retained with regard to the alleged outstanding balance, Beveridge received a number of letters from a collection agency attempting, on behalf of the Hebrew Home, to collect from Beveridge the sum of $8,555.09 alleged as due on the Decedent's account.

18. Thereafter, Mr. Klugherz was served with a summons and complaint (the "Initial Complaint") authored and filed by Defendant in an action in the Civil Court of the City of New York, Bronx County, under Index Number 035376/10 (the "Collection Suit").

19. The Collection Suit was brought in Bronx County despite the fact that neither of the Plaintiffs herein resided in that judicial district or similar legal entity and despite the fact that neither of the Plaintiffs herein signed or entered into any agreements with the Hebrew Home in that judicial district or similar legal entity.

20. Thereafter, Plaintiffs moved to dismiss the Initial Complaint. The Court considered the motion to dismiss and issued an order dismissing some but not all of the thirteen causes of action contained in the Initial Complaint.

21. Thereafter, Defendant served an amended complaint in the Collection Suit (the "Amended Complaint" and together with the Initial Complaint the "Complaints").

22. In addition to the Complaints, in the course of the Collection Suit, Defendants interposed, among other things, (1) Affirmation of Michael Korinsky in opposition to Motion to Dismiss (the "Korinsky Aff."); (2) a Memorandum of Law in opposition to Motion to Dismiss (the "Memo of Law"); (3) Reply to Counter Claims (the "Reply"); (4) Response to Demand for Production ("Production Reply"); (5) Response to

4

Interrogatories ("Interrogatories Reply"); and (6) Response to Request for Admissions ("Admissions Reply")[1].

23. During oral argument on the Motion to Dismiss the Collection Suit, Defendant's representative Mr. Michael Korinsky, Esq. admitted in open court that he had not reviewed the Hebrew Home's files including the contractual agreements the Hebrew Home alleged to be the basis of the debt. This admission was made despite the fact that the Complaints were each verified under penalties of perjury by Mr. Korinsky on behalf of his client and that the Korinsky Aff. was a sworn affirmation made by Mr. Korinsky.

24. The Pleadings are "communications" as that term is defined by the FDCPA.

25. The Pleadings all contain numerous lies, misrepresentations and false statements of fact. The Pleadings falsely represent the amount, character or legal status of the alleged debt, threat to take action that cannot legally be taken and/or is not intended to be taken, attempt to collect an amount which is not expressly authorized by the agreement creating the alleged debt or permitted by law, attempt to collect an alleged debt it is not authorized to collect.

26. The natural consequence of Defendant's submission of the Pleadings is to harass, oppress, or abuse Plaintiffs in connection with the attempted collection of an alleged debt by use of unfair or unconscionable means.

27. Defendants never agreed to arrange for payment of the Decedent's nursing care services as alleged by Defendant in the Pleadings.

---

[1] The Korinsky Aff., Memo of Law, Reply, Production Reply, Interrogatories Reply, Admissions Reply and Complaints may hereinafter be collectively referred to as the "Pleadings".

5

28. Plaintiffs never made any definitive representations about what if any government benefits the Decedent was entitled to receive as alleged by Defendant in the Pleadings.

29. Plaintiffs never accepted any care provided to the Decedent as alleged by Defendant in the Pleadings.

30. Plaintiffs never diverted, retained or converted any assets of the Decedent to themselves or to anyone else as alleged by Defendant in the Pleadings.

31. Plaintiffs never intended or believed that any alleged indebtedness from the Decedent to Hebrew Home would increase beyond his ability to pay the same as they matured as alleged by Defendant in the Pleadings.

32. Plaintiffs never made any conveyances of the Decedent's assets with the intent of rendering him insolvent as alleged by Defendant in the Pleadings.

33. Beveridge objected over and over again to each and every statement of account provided by the Hebrew Home contrary to the allegations averred by Defendant in the Pleadings.

34. Plaintiffs never intended to hinder, delay, or defraud the Hebrew Home as alleged by Defendant in the Pleadings.

35. This ordeal has been very trying on Plaintiffs and their family. It has caused them to relive the end of the Decedent's life.

36. Upon information and belief, at all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

37. Upon information and belief, at all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

38. As a direct and proximate cause of Defendant's wrongful debt collection activities, Plaintiffs have suffered humiliation, distress, depression and anxiety. The threat to their financial well being and harm to their credit are serious sources of emotional distress for Plaintiffs.

## FIRST CAUSE OF ACTION
## <u>VIOLATION OF THE FDCPA</u>
## (15 .S.C. § 1692 et. seq.)

39. The Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

40. Litigation conduct of attorneys in collecting consumer debts is not exempt from the FDCPA. (*Heintz v. Jenkins*, 514 U.S. 291 (1995)).

41. Defendant's, conduct violated the FDCPA in the following ways:

    (a) Falsely representing the amount, character or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2); and

    (b) Threatening to take action that cannot legally be taken and/or is not intended to be taken in violation of 15 U.S.C. §1692e(5); and

    (c) Attempting to collect an amount which is not expressly authorized by the agreement creating the alleged debt or permitted by law in violation of 15 U.S.C. §1692f(1); and

    (d) Attempting to collect an alleged debt it is not authorized to collect in violation of 15 U.S.C. §1692e(5); and

    (e) Engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt §1692d and;

7

 (f) Using unfair or unconscionable means to collect or attempt to collect any debt §1692d; and

 (g) Bringing the Collection Suit in a judicial district or similar legal entity other than that in which Plaintiffs signed a contract; or in which they reside §1692i; and

 (h) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692e.

42. As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiffs have been injured and are thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendant, based on the following requested relief:

 (a) Actual damages;

 (b) Statutory damages;

 (c) Punitive damages;

 (d) Costs and reasonable attorney's fees; and

 (e) Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
   April 12, 2011

            **THE LAW OFFICES
            OF ROBERT J. NAHOUM**
            *Attorneys for Plaintiffs Gail
            Beveridge and Glenn M. Klugherz*

            By: /s/ Robert J. Nahoum
              ROBERT J. NAHOUM
            The Nyack Business Center
            99 Main Street, Suite 311
            Nyack, NY 10960
            (845) 450-2906