Robert J. Nahoum (RN-4907)
THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.
99 Main Street, Suite 311
Nyack, NY 10960-3109
(845) 450-2906

*Attorneys for Plaintiffs*
*Gail Beveridge and Glenn M. Klugherz*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAIL BEVERIDGE AND GLENN M. KLUGHERZ, <br><br> Plaintiffs, <br><br> v. <br><br> KORSINSKY & KLEIN, LLP, <br><br> Defendant. | Docket No. 11-CV-2505 (WHP) <br><br> JUDGE WILLIAM H. PAULEY, III |

## AMENDED COMPLAINT
(Jury Trial Demanded)

Plaintiffs, Glenn Klugherz ("Klugherz") and Gail Beveridge ("Beveridge" and together with Klugherz, "Plaintiffs"), bring this action to secure redress against unlawful debt collection practices engaged in by defendant law firm, Korsinsky & Klein, LLP, ("Korsinsky & Klein" or "Defendant"). As and for their amended complaint, Plaintiffs alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k.

2.     Venue in this Court is proper because (a) Defendant transacts business in this venue, and (b) Defendant's collection communications to Plaintiff Klugherz were transmitted in this venue.

## NATURE OF THIS ACTION

3.     In this action Plaintiffs seek, among other things, statutory and actual money damages against Defendant for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*. [hereinafter "FDCPA"]).

## PARTIES

4.     Klugherz is a natural person residing in Westchester County New York.

5.     Beveridge is a natural person residing in Riverside County California. Beveridge is Klugherz's mother.

6.     Plaintiffs are consumers as that term is defined by Section 1692 (a)(3) of the FDCPA.

7.     Upon information and belief, Defendant is a New York Limited Liability Partnership engaged in the practice of law in the State of New York, and which has its principal place of business located 30 Broad Street, New York, NY 10004.

8.     Upon information and belief, Defendant is a "debt collector" as that term is defined by Section 1692 (a)(6) of the FDCPA who regularly collects consumer debts on behalf of others.

## FACTS

9.     Plaintiffs' uncle Mr. John Egelhofer (the "Decedent") was, in December, 2004, the surviving member of his family.

10. In 2004, after the death of his wife, it became clear to Plaintiffs that, while quite lucid, the Decedent was no longer capable of caring for himself. As his sole surviving relatives, Plaintiffs assisted the Decedent with his end-of-life care.

11. In December, 2004, the Decedent moved to the Fairfield division of the The Hebrew Home For The Aged at Riverdale a/k/a Hebrew Home Receivership Corp. a/k/a Palisade Nursing Home Company, Inc. (the "Hebrew Home") (the "Hebrew Home") nursing facility where he was admitted as "Medicaid pending".

12. During the admissions process, Plaintiffs relied almost exclusively on the guidance, advice and instructions provided by the Hebrew Home with regard to the admissions process and the availability of government funding.

13. At no time did Plaintiffs sign any agreements or make any oral representations that they agreed to be financially responsible for the Decedent's care. Further, at no time did Plaintiffs make any promises or accept any obligations or responsibilities with regard to the Decedent's care.

14. The Decedent's health deteriorated and on November 25, 2007 he passed away. Upon his death, the Decedent had no money, no will, no estate to speak of and whatever reaming personal possessions the Decedent had, were donated to the Hebrew Home.

15. In or about March, 2009, more than a year and half after the Decedent passed away, Beveridge was contacted by the Hebrew Home seeking to recover personally from her an alleged past due amount.

16. In response, Beveridge advised the Hebrew Home that she was not and had never been financially responsible for the Decedent's care.

17. Between March, 2009 and November, 2009, despite having advised the Hebrew Home that counsel had been retained with regard to the alleged outstanding balance, Beveridge received a number of letters from a collection agency attempting, on behalf of the Hebrew Home, to collect from Beveridge the sum of $8,555.09 alleged as due on the Decedent's account.

18. The Hebrew Home commenced a consumer debt collection lawsuit against the Plaintiffs by filing a summons and complaint (the "Initial Complaint") on April 2, 2009 in the Civil Court of the City of New York, Bronx County, under Index Number 035376/10 (the "Collection Suit").

19. Upon information and belief, the Initial Complaint was authored by Defendant.

20. On April 15, 2010, Mr. Klugherz was served with a summons and the Initial Complaint.

21. On May 5, 2010 and again on My 28, 2010 Mrs. Beveridge was served first at her Manhattan apartment and then at her California residence with a summons and the Initial Complaint.

22. The Collection Suit was brought in Bronx County despite the fact that neither of the Plaintiffs resided in that judicial district or similar legal entity and despite the fact that neither of the Plaintiffs signed or entered into any agreements with the Hebrew Home in that judicial district or similar legal entity.

23. Thereafter, Plaintiffs moved to dismiss the Initial Complaint. The Court considered the motion to dismiss and issued an order dismissing some but not all of the thirteen causes of action contained in the Initial Complaint.

24. On or about August 23, 2010, in an effort to revive some of the dismissed causes of action, Defendant filed an amended complaint (the "Amended Complaint" and together with the Initial Complaint the "Complaints") which differed materially from the Initial Complaint in that it asserted new allegations of fact not previously made.

25. In addition to the Complaints, in the course of the Collection Suit, Defendant interposed, among other things, (1) Affirmation of Michael Korinsky in opposition to Motion to Dismiss dated June 22, 2010 (the "Korinsky Aff."); (2) a Memorandum of Law in opposition to Motion to Dismiss dated June 22, 2010 (the "Memo of Law"); (3) Reply to Counter Claims dated October 4, 2010 (the "Reply"); (4) Response to Demand for Production dated November 11, 2010 ("Production Reply"); (5) Response to Interrogatories dated November 11, 2011 ("Interrogatories Reply"); and (6) Response to Request for Admissions dated November 11, 2011 ("Admissions Reply")[1].

26. On August 4, 2010, during oral argument on Plaintiffs' motion to dismiss the Collection Suit (the "Motion to Dismiss"), Defendant's representative Mr. Michael Korinsky, Esq. admitted in open court that he had not yet reviewed the Hebrew Home's files. This admission was made despite the fact that the Initial Complaint was verified under penalties of perjury by Mr. Korinsky on behalf of his client.

27. The Pleadings are "communications" as that term is defined by the FDCPA.

28. The Pleadings all contain numerous lies, misrepresentations and false statements of fact relating to, among other things, the Hebrew Home's causes of action against Plaintiffs for breach of contract, quasi-contract and account stated.

---

[1] The Korinsky Aff., Memo of Law, Reply, Production Reply, Interrogatories Reply, Admissions Reply and Complaints may hereinafter be collectively referred to as the "Pleadings".

5

29. The Pleadings falsely represent the amount, character or legal status of the alleged debt, attempt to collect an amount which is not expressly authorized by the agreement creating the alleged debt or permitted by law and attempt to collect an alleged debt it is not authorized to collect.

30. The natural consequence of Defendant's commencement of the Collection Suit and submission of the Pleadings is to harass, oppress, or abuse Plaintiffs in connection with the attempted collection of an alleged debt by use of unfair or unconscionable means.

31. Defendants never agreed to arrange for payment of the Decedent's nursing care services as alleged by Defendant in the Pleadings.

32. Plaintiffs never made any definitive representations about what if any government benefits the Decedent was entitled to receive as alleged by Defendant in the Pleadings.

33. Plaintiffs never accepted any care provided to the Decedent as alleged by Defendant in the Pleadings.

34. Plaintiffs never diverted, retained or converted any assets of the Decedent to themselves or to anyone else as alleged by Defendant in the Pleadings.

35. Plaintiffs never intended or believed that any alleged indebtedness from the Decedent to Hebrew Home would increase beyond his ability to pay the same as they matured as alleged by Defendant in the Pleadings.

36. Plaintiffs never made any conveyances of the Decedent's assets with the intent of rendering him insolvent as alleged by Defendant in the Pleadings.

37. Beveridge objected over and over again to each and every statement of account provided by the Hebrew Home contrary to the allegations averred by Defendant in the Pleadings.

38. Plaintiffs never intended to hinder, delay, or defraud the Hebrew Home as alleged by Defendant in the Pleadings.

39. This ordeal has been very trying on Plaintiffs and their family and has caused them to relive the end of the Decedent's life.

40. Upon information and belief, at all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

41. As a direct and proximate cause of Defendant's wrongful debt collection activities, Plaintiffs have suffered humiliation, distress, depression and anxiety. The threat to their financial well being and harm to their credit are serious sources of emotional distress for Plaintiffs.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FDCPA**
**(15 U.S.C. §1692e(2))**

42. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

43. FDCPA Section 1692(e) states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: […]
>
> > (2) The false representation of […] the character, amount, or legal status of any debt"

7

44. Amongst the basis for the Hebrew Home's claim for breach of contract is the Plaintiffs' alleged promise to "arrange" for payment of the Decedent's nursing care and the Hebrew Home's reliance on such promise as a condition of the Decedent's admission.

45. A nursing facility must "not require a third party guarantee of payment to the facility as a condition of admission (or expedited admission) to, or continued stay in, the facility." 42 U.S.C. § 1396r(c)(5)(A)(ii).

46. Thus, by claiming that the basis for Plaintiff's liability to the Hebrew Home is, among other things, the Hebrew Home's reliance on Plaintiffs' alleged promise to "arrange" for payment of the Decedent's nursing care as a condition of the Decedent's admission, Defendant has falsely represented the character, amount, or legal status of the alleged debt.

47. Defendant by its aforementioned conduct, has violated the FDCPA, including but not limited to §§1692e(2), by using a false, deceptive and misleading representation in its attempts to collect the alleged debt.

48. As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiffs are entitled to an award of damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
**<u>VIOLATION OF THE FDCPA</u>**
**(15 U.S.C. § 1692f(1))**

49. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

50. The FDCPA prohibits "[t]he collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

8

expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

51. This means that "[a] debt collector may attempt to collect a fee or charge in addition to the debt if (a) the charge is expressly provided for in the contract creating the debt and the charge is not prohibited by state law, or (b) the contract is silent but the charge is otherwise expressly permitted by state law. Conversely, a debt collector may not collect an additional amount if either (a) state law expressly prohibits collection of that amount, or (b) the contract does not provide for collection of the amount and state law is silent." *Federal Trade Commission Staff Commentary on Fair Debt Collection Practices Act*, 53 Fed.Reg. 50, 097 at 50,108 (Dec. 13, 1988).

52. The Complaints seek to collect from Plaintiffs, in addition to the alleged principal underling debt, the Hebrew Home's attorneys' fees. The collection of such fees is not authorized by contract and not provided for under law.

53. As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiffs are entitled to an award of damages in accordance with the FDCPA.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE FDCPA**
**(15 U.S.C. § 1692e)**

54. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

55. Upon its own admission, Defendant has failed to perform a meaningful review of the Hebrew Home's files prior to filing the Initial Complaint despite its sworn and verified statement to the contrary.

56. FDCPA Section 1692(e) states, in relevant part:

9

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…
>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…"

57. The Initial Complaint was affirmed to and verified by Mr. Korsinsky on behalf of the Hebrew Home.

58. Mr. Korsinsky's verification states in relevant part that he had:

> "read the foregoing Verified Complaint and know its contents thereof; the same is true to [his] knowledge, except as to the matters therein stated to be alleged upon information and belief and, as to those matter, [he] believe[d] them to be true. The grounds of [his] belief as to all matter not stated upon [his] personal knowledge are consultations with representatives of the [Hebrew Home] and examination of investigative materials."

59. Despite the assertions made in the verification, during oral argument on Plaintiffs' Motion to Dismiss the Collection Suit, Mr. Korinsky admitted in open court that he had not reviewed the Hebrew Home's files prior to commencing the Collection Suit.

60. The Initial Complaint and its verification deceptively imply that, prior to commencement of the Collection Suit, Defendant had examined the Hebrew Home's investigative materials and that the allegations of the Initial Complaint are the result of such examination.

61. Defendant's misleading implication that, prior to commencement of the Collection Suit, Defendant had examined the Hebrew Home's investigative materials violates the FDCPA.

62. As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiffs are entitled to an award of damages in accordance with the FDCPA.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE FDCPA**
**(15 U.S.C. § 1692d)**

63. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

64. FDCPA Section 1692(d) states, in relevant part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

65. The Pleadings in the Collection Suit all contain numerous lies, misrepresentations and false statements of fact including, but not limited to, statements that (1) Plaintiffs agreed to arrange for payment of the Decedent's nursing care; (2) Plaintiffs made representations about what if any government benefits the Decedent was entitled to receive; (3) Plaintiffs accepted any care provided to the Decedent; and (4) Mrs. Beveridge never objected to any statement of account provided by the Hebrew Home.

66. The natural consequence of Defendant's commencement of the Collection Suit based upon such lies, misrepresentations and false statements of fact is to harass, oppress, or abuse Plaintiffs in connection with the attempted collection of an alleged debt by use of unfair or unconscionable means.

67. The natural consequence of Defendant's submission of the Pleadings including upon such lies, misrepresentations and false statements of fact is to harass, oppress, or abuse Plaintiffs in connection with the attempted collection of an alleged debt by use of unfair or unconscionable means.

11

68. Defendant by its aforementioned conduct, has violated the FDCPA, including but not limited to §§1692d.

69. As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiffs are entitled to an award of damages in accordance with the FDCPA.

**FIFTH CAUSE OF ACTION**
**<u>VIOLATION OF THE FDCPA</u>**
**(15 U.S.C. § 1692e)**

70. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

71. FDCPA Section 1692(d) states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

72. The Pleadings in the Collection Suit all contain numerous lies, misrepresentations and false statements of fact including, but not limited to, statements that (1) Plaintiffs agreed to arrange for payment of the Decedent's nursing care; (2) Plaintiffs made representations about what if any government benefits the Decedent was entitled to receive; (3) Plaintiffs accepted any care provided to the Decedent; and (4) Mrs. Beveridge never objected to any statement of account provided by the Hebrew Home

73. Commencement of the Collection Suit based upon such numerous lies, misrepresentations and false statements of fact constitute the use false, deceptive, and/or misleading representation or means in connection with the collection of any debt.

74. The natural consequence of Defendant's submission of the Pleadings based upon such numerous lies, misrepresentations and false statements of fact constitute

the use false, deceptive, and/or misleading representation or means in connection with the collection of any debt.

75. Defendant by its aforementioned conduct, has violated the FDCPA, including but not limited to §§1692e.

76. As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiffs are entitled to an award of damages in accordance with the FDCPA.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE FDCPA
### (15 U.S.C. § 1692i)

77. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

78. FDCPA Section 1692(i) states, in relevant part:

> " (a) Any debt collector who brings any legal action on a debt against any consumer shall […] bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."

79. The Collection Suit was brought in Bronx County despite the fact that neither of the Plaintiffs resided in that judicial district or similar legal entity and despite the fact that neither of the Plaintiffs signed or entered into any agreements with the Hebrew Home in that judicial district or similar legal entity.

80. Defendant by its aforementioned conduct, has violated the FDCPA, including but not limited to §§1692i.

81. As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiffs are entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
January 27, 2012

**THE LAW OFFICES
OF ROBERT J. NAHOUM**
*Attorneys for Plaintiffs Gail
Beveridge and Glenn M. Klugherz*

By:_____
**ROBERT J. NAHOUM**
99 Main Street, Suite 311
Nyack, NY 10960
(845) 450-2906